IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV285-02-V
(5:99CR70-3-V)

| | |
|---|---|
| **ALPHONSO RAVON MORRISON,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on petitioner's "Motion To Vacate, Set Aside, Correct Sentence" under 28 U.S.C. §2255, filed December 16, 2005. For the reasons stated herein, the petitioner's Motion shall be <u>dismissed</u> as untimely filed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of pertinent Court records reflects that on November 1, 1999, a Bill of Indictment was filed, charging the petitioner (along with three others) with conspiracy to possess with intent to distribute, and to distribute, quantities of powder cocaine and cocaine base, all in violation of 21 U.S.C. §§841(a)(1) and 846. On December 16, 1999, the government filed a "Notice Of Intention To Seek Enhanced Penalties - 21 U.S.C. §§841, 851." Such Notice asserted that in the event the petitioner was convicted of the instant conspiracy charge, the

government would seek an enhanced sentence for that offense by virtue of the petitioner's two prior State court convictions for the sale and delivery of cocaine.

On January 8, 2001, the government filed a Superceding Bill of Indictment. Such Superceding Indictment did <u>not</u> alter the original Indictment, but merely asserted that the petitioner's charge involved 50 grams or more of cocaine base and five kilograms or more of cocaine powder.

Next, the petitioner's jury trial began on January 17, 2001; and on the following day, the jury convicted him of the single conspiracy charge. Accordingly, on May 7, 2001, the Court held a Sentencing Hearing for this matter. During the course of that Hearing, the Court determined that the petitioner was subject to an enhanced term of life imprisonment by virtue of his current and prior convictions. Thus, at the conclusion of such Hearing, the Court sentenced the petitioner to a term of life imprisonment.

The petitioner timely appealed his case to the Fourth Circuit Court of Appeals. However, by an unpublished opinion, the petitioner's appeal was rejected by the appellate Court, and his conviction and sentence were affirmed. <u>See</u> <u>United States v. Morrison</u>, No. 01-4398 (4th Cir. July 16, 2002). The Court of Appeals' mandate was filed on August 7, 2002, and the petitioner did <u>not</u> seek any further direct review of his case.

Rather, after allowing more than three years to pass, the petitioner now has returned to this Court on the instant Motion to Vacate. By this Motion, the petitioner argues that his sentence was imposed in violation of the "U.S. Constitution and the law[]" because his sentence was enhanced on the basis of convictions which he did not sustain; that his conviction is erroneous because it is based upon conduct which was set forth in charges which previously had been dismissed in the State court; and that his conviction was imposed "in violation of the Constitution and Laws of The United States" in that "'he was never placed on notice of any charge carrying 50 grams or more or 5 kilograms.'" The petitioner also asserts that he was subjected to ineffective assistance of counsel by virtue of counsel's failure to challenge the foregoing matters.

Furthermore, in acknowledgment of the fact that this Motion was filed far beyond the 1-year limitations deadline, the petitioner also asserts that this Motion should not be dismissed as untimely filed because §851--the provision which he is attacking, grants petitioners the authority to bring challenges such as this at any time "[not]withstanding any procedural barriers or gate-keeping provisions."

While the undersigned appreciates the petitioner's efforts to convince the Court that his Motion is not time-barred, relevant legal precedent makes it clear that this Motion, in

3

fact, has been filed well outside of the 1-year statute of limitations imposed under the Antiterrorism and Effective Death Penalty Act of 1996. Furthermore, the petitioner has failed to demonstrate that such untimeliness can be excused. Consequently, the petitioner's Motion to Vacate must be <u>dismissed</u> as untimely filed.[1]

## II. **ANALYSIS**

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA," hereafter). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate or correct. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the

---

[1] In <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit stated that "when a federal habeas court, prior to trial, perceives a <u>pro-se</u> [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Therefore, after <u>Hill</u> this Court routinely entered Orders allowing petitioners the opportunity to address any timeliness concerns when their pleadings failed to conclusively demonstrate timeliness and to set forth a sufficient explanation regarding those matters. Here, however, because the petitioner has clearly acknowledged his understanding that his Motion was <u>not</u> filed within the one-year deadline, and has attempted to articulate a reason why this Motion should be construed as timely filed, the Court finds that no further notice under <u>Hill</u> is required.

4

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, the record makes clear, and the petitioner does not deny, that the Fourth Circuit Court of Appeals entered the mandate for its Order rejecting the petitioner's appeal on August 7, 2002. Therefore, the petitioner's conviction and sentence became final on or about November 5, 2002--that is, at the expiration of the 90-day period during which the petitioner could have filed a Petition for a Writ of Certiorari in the U.S. Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that in the absence of a petitioner for a writ of certiorari being filed, the one-year limitation period begins ninety days after the appellate court's decision is rendered).

Nevertheless, in an effort to demonstrate that the instant Motion was timely filed, the petitioner asserts that 21 U.S.C. §851 somehow gives petitioners the right to challenge their enhanced sentences at any time, notwithstanding the one-year time limitation which is imposed under the AEDPA. However, the petitioner has failed to identify a single case which supports

that proposition.  Moreover, the Court has conducted its own research and determined that there is no such case or other legal provision which supports the petitioner's proposition that §851 authorizes him to raise a challenge to his enhanced sentence at any time.

Rather, in cases like the instant one where the challenges do not go "to the very power of the [government] to bring the defendant into court to answer the charge brought against him," such challenges cannot be raised at anytime.  See <u>Blackledge v. Perry</u>, 417 U.S. 21 (1974).  Indeed, the instant §851 challenge simply questions whether the Court had the authority to impose the enhanced sentence, not whether it had the authority to try the petitioner in the first place.  Thus, challenges of this nature must be raised in accordance with the provisions which govern such claims.

In the instant case, the AEDPA prescribes a one-year limitations period for Motions of this nature.  However, as the petitioner has candidly admitted, the instant Motion was <u>not</u> filed within one year of the date on which the petitioner's conviction and sentence became final.  Moreover, the petitioner has failed to demonstrate that his one-year deadline should be equitably tolled.

To be sure, courts within this Circuit have pointed out that equitable tolling is generally appropriate in "two distinct

situations," neither of which is present here. Jackson v. United States, 319 F.Supp.2d 672, 674 (E.D. Va. 2004). That is, Jackson points out that equitable tolling is available "where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the government or where some extraordinary circumstances beyond the petitioner's control made it impossible to file the claims in a timely manner." Id. at 675, quoting Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000).

In the case at bar, the petitioner has not directed the Court's attention to any government misconduct which could have caused his delay, but exclusively to his own mistaken assertion that he is entitled to bring his challenge to his §851 enhanced sentence at anytime he chooses to do so. Nevertheless, as has already been explained, this Court has found no support for that proposition.

Moreover, inasmuch as the petitioner's proffered explanation does not qualify as a "extraordinary circumstance," that is, as an occasion when "external circumstances beyond [his] control prevented him from complying with the statutory time limit," the petitioner has failed to demonstrate that the one-year deadline should be equitably tolled in this case. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (internal quotations omitted). Therefore, the instant Motion must be dismissed as untimely filed.

### III. <u>CONCLUSION</u>

The AEDPA requires, among other things, that Motions to Vacate under 28 U.S.C. §2255 be brought within one year of the event which triggers the commencement of the limitations period. In the case at bar, the petitioner has filed his Motion to Vacate far outside of all conceivable limitations periods; therefore, his Motion must be summarily <u>dismissed</u> as time-barred.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DISMISSED**.

**SO ORDERED.**

Signed: February 10, 2006

Richard L. Voorhees
Chief United States District Judge