UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:99cr70

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALPHONSO RAVON MORRISON, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on Defendant Alphonso Ravon Morrison's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Document #146), filed April 27, 2007, and Defendant's Motion Supplementing Request for Reduction of Sentence (Document #147), filed November 11, 2007. These matters are now ripe for disposition.

In his first motion, Defendant quotes the statutory language of 18 U.S.C. § 3582(c)(1)(A)(i)[*] and asks that this court reduce his sentence because "extraordinary and compelling reasons . . . warrant such a reduction." However, the statute is clear that a reduction pursuant to this provision may only be granted "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A). Since no such motion has been made in this case, Defendant's Motion for Reduction of Sentence (Document #146) will be DENIED.

In his Motion Supplementing Request for Reduction of Sentence (Document #147), Defendant asks for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines. Defendant also asks the court, in applying this amendment, to further reduce his sentence because Defendant believes the court improperly applied

---

[*]Despite its title, Defendant's first motion makes no real argument for reduction pursuant to § 3582(c)(2).

1

the sentencing enhancements for prior felony convictions under 21 U.S.C. §§ 841 and 851 at the time of the original sentencing. The court will address each of these contentions in turn.

First, Defendant is not entitled to a reduction as a result of Amendment 706 because Defendant's statutory minimum sentence pursuant to 21 U.S.C. §§ 841 and 851 is life in prison, and this is higher than the otherwise applicable guideline range for his offense. As a result, Amendment 706 does not lower the Defendant's sentencing range, and the amendment is thus inapplicable. See United States v. Hood, 556 F.3d 226, 228 (4th Cir. 2009).

Second, reexamination or recalculation of a defendant's sentence pursuant to § 3582(c)(2) does not permit a full resentencing of that defendant. United States v. Dunphy, 551 F.3d 247, 251 (4th Cir. 2009). In addition, and contrary to Defendant's argument, the holding of United States v. Booker, 543 U.S. 220 (2005), is also inapplicable to these proceedings. Dunphy, 551 F.3d at 252-55. Therefore, Amendment 706 to the Sentencing Guidelines does not give this court the authority to reconsider those aspects of Defendant's original sentence that he wishes to have reviewed.

**WHEREFORE,** for the foregoing reasons, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Defendant's Motion Supplementing Request for a Reduction of Sentence are **DENIED.**

Signed: June 8, 2009

Richard L. Voorhees
United States District Judge